UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE J. MIRELES,<br><br>                Plaintiff,<br><br>   v.<br><br>GENERAL MOTORS LLC, et al.<br><br>                Defendant. | Case No. 5:23-cv-01717-SSS-JPRx<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. 17]** |

     Before the Court is Plaintiff Jose Mireles' Motion to Remand Case to Riverside Superior Court (the "Motion") filed on October 3, 2023. [Dkt. 17]. On November 3, 2023, Defendant General Motors ("GM") filed its opposition to the Motion. [Dkt. 23]. On November 8, 2023, Mireles filed his reply to GM's opposition. [Dkt. 24]. This matter is fully briefed and ripe for review. Having reviewed the relevant pleadings, and the law regarding this issue, the Court **DENIES** Mireles' Motion in accordance with the opinion below.

## I.    BACKGROUND

     This case arises out of Mireles' purchase of a 2019 Chevrolet Bolt. [Dkt. 1-1 at 4]. Mireles claims he brought the Bolt new and that, after purchase, the Bolt began to exhibit "defects, non-conformities, … , [and] malfunctions" in

violation of GM's express and implied warranties. *Id*. at 5 and 10. Mireles filed this action on July 27, 2023, asserting three causes of action under the Song-Beverly Act, one for fraud, and one for violation of California's Business & Professions Code § 17200. [Dkt. 1 at 2]. GM removed this action to this Court on August 23, 2023.[1] [Dkt. 1].

Importantly, the suggested retail price for a 2019 Chevrolet Bolt is $38,639. *Id*. at 4. In his Complaint, Mireles seeks a variety of remedies including "rescission of the purchase contract," a "civil penalty in the amount of two times Plaintiff's actual, incidental, and consequential damages," and "for restitution of all monies expended." [Dkt. 1-1 at 20].

## II.  STATEMENT OF LAW

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts can only hear cases if "there is a valid basis for federal jurisdiction." *Ayala v. Am. Airlines, Inc.*, No. 2:23-cv-03571-MEMF-MAR, 2023 WL 6534199, at *1 (C.D. Cal. Oct. 6, 2023) (citing *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991)).

When a plaintiff files their complaint in state court, a defendant may remove the case to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). If a plaintiff contests the removability of an action, the burden is on the removing party to show by a preponderance of the evidence that the requirements for removal were met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1195 (9th Cir. 1988). "Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in

---

[1] Because GM removed the action within 30 days of being served with the Complaint, the removal is timely. *See* 28 U.S.C. 1446.

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between 'citizens of different States.'" *Jimenez v. General Motors*, LLC, No. 2:23-cv-06991 WLH (JPRx), 2023 WL 6795274, at *2 (C.D. Cal. Oct. 13, 2023).

It is well settled that a corporation is a citizen of every state in which it has been incorporated and of the state in which it has its principal place of business. *3123 SMB LLC v. Horn*, 880 F.3d 461, 462–63 (9th Cir. 2018); 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the location from which its "officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). A Limited Liability Corporation ("LLC") "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

If there is any doubt as to the right to removal, a court must remand the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566)).

## III. DISCUSSSION

Here, Mireles' position boils down to one simple argument, GM has failed to meet its burden in establishing removal was proper. [Dkt. 17 at 7]. Such an attack is a "facial challenge" to the removal, meaning it "accepts the truth of the [removing party's] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Dalton v. FCA US LLC*, No. 8:20-cv-00694-JLS-DFM, 2020 WL 3868389, at *1 (C.D. Cal. July 9, 2020) (quoting *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019)).

For the reasons stated below, Mireles' argument fails.  Thus, the Court **DENIES** Mireles' Motion.

### A. GM Successfully Established Complete Diversity

Here, GM successfully established complete diversity between the Parties.  In the Notice of Removal, GM alleged Mireles is a citizen of California, and GM is a citizen of Delaware and Michigan.  [Dkt. 1 at 3].  In support of these statements, GM provided a declaration from John Kim, GM's Assistant Corporate Secretary, that establishes GM is a citizen of Delaware and Michigan by stating GM is wholly owned by General Motors Company, a Delaware corporation with its principal place of business in Michigan.  [Dkt. 23-2 at 4; Dkt. 1 at 4].  Courts routinely find such declarations sufficient to establish the citizenship of a corporate entity.  *See e.g.*, *McDonald v. Gen. Motors, LLC*, 23-cv-01584-CJC (DFMx), 2023 WL 7019171, at *2 (C.D. Cal. Oct. 25, 2023) (finding a defendant sufficiently established its principal place of business was in Michigan by submitting a declaration of its counsel stating as such); *Deleon v. Gen. Motors, LLC*, No. 23-cv-01590-CJC(DFMx), 2023 WL 7019169, at *2 (C.D. Cal. Oct. 25, 2023) (holding the same); *Gonzales v. Starwood Hotels*, No. 16-cv-1068-GW (JEMx), 2016 WL 1611576, at *4 (C.D. Cal. Apr. 21, 2016) (collecting cases).[2]  As such, the Court finds GM carried its burden in establishing it is a citizen of Michigan and Delaware.

Thus, based on the record before the Court, the Court finds for purposes of diversity jurisdiction that Mireles is a citizen of California, and GM is a citizen of Delaware and Michigan.  Because Mireles did not substantively challenge GM's allegations of citizenship, and the Parties are citizens of different states, the Court finds GM established by a preponderance of the

---

[2] Mireles' status as a citizen of California is established by his self-identification as a resident of the City of Hemet in California.  [Dkt. 1-1 at 3].

evidence that there is complete diversity between the Parties. *See Dalton,* 2020 WL 3868389, at *1; [Dkt. 23-2 at 3–4].

### B. GM Successfully Established the Amount in Controversy Exceeds $75,000

For a case to be removable under diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. 1332(a). As is the case here, when the plaintiff's state court complaint does not specify a particular amount of damages, and the plaintiff attacks the defendant's notice of removal on the amount in controversy requirement, the burden is on the removing party to establish by a preponderance of the evidence that that the amount in controversy threshold is met. *See Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020).

In the Ninth Circuit, "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if [they] prevail[]." *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 418 (9th Cir. 2018). Importantly, when determining the amount in controversy, "courts are to consider the 'maximum recovery the plaintiff could reasonably recover'" against a defendant. *Selinger v. Ford Motor Comp.*, No. 2:22-CV-09993-SPG-KS, 2023 WL 2813510, at 9 (C.D. Cal. Apr. 5, 2023) (quoting *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 927 (9th Cir. 2019)).

Here, GM has met its burden in establishing that the amount in controversy exceeds $75,000. Because Mireles seeks rescission of the purchase contract and restitution of all monies expended under the contract, the Court finds Mireles has put the estimated price of a 2019 Chevrolet Bolt, $38.639, in controversy for purpose of determining the amount in controversy calculation.[3]

---

[3] While Mireles' Complaint does not specifically state the contract price of the 2019 Chevrolet Bolt he purchased, the Court finds the average price of $38,639, as supported by the declaration of Timothy Kuhn, to be a proper estimate of the

*See Selinger*, 2023 WL 2813510, at *9 (noting by seeking recovery of the contract price in the complaint, the plaintiff put the value of the contract at issue for purposes of determining the amount in controversy).

Moreover, Mireles's Complaint also seeks a civil penalty in the amount of two times Mireles' total damages. [Dkt. 1-1 at 20]. California Civil Code § 1794(c) allows for the recovery of a civil penalty, no greater than two times the amount of actual damages, if a plaintiff can establish the defendant's conduct was "willful." While courts in the Ninth Circuit disagree as to whether civil penalties should be considered in calculating the amount in controversy, this Court finds, because the Ninth Circuit has directed courts to consider the maximum amount a plaintiff could reasonably recover, that when a plaintiff pleads a defendant's conduct in a Song-Beverly action was willful, civil penalties should be considered in the amount in controversy. *See Arias*, 936 F.3d at 927; *see also Selinger,* 2023 WL 2813510, at *9 (collecting cases).

Here, Mireles plead in his Complaint that GM's conduct was "willful." [Dkt. 1-1 at 9]. As such, Mireles could reasonably recover a civil penalty under California Civil Code § 1794(c), and thus the Court finds it proper to consider the civil penalties in considering the amount in controversy.

Setting aside Mireles' other claimed damages such as attorney's fees, and focusing only on the contract price, the Court finds the civil penalty amount would be $77,278. Because $77,278. exceeds the $75,000 threshold for diversity jurisdiction, the Court finds GM met its burden in establishing the amount in controversy requirement was met.

## IV.   CONCLUSION

Because GM established by a preponderance of the evidence that there is complete diversity between the Parties, and the amount in controversy exceeds

---

value of the contract. [Dkt. 1-3 at 2].

1  $75,000, the Court finds diversity jurisdiction existed over this case at the time
2  of removal.  28 U.S.C. 1332(a).  Thus, the Court finds removal was proper
3  under 28 U.S.C. § 1441(a) and **DENIES** Mireles' Motion to Remand.  [Dkt.
4  17].

**IT IS SO ORDERED.**

DATED: November 30, 2023

_____
SUNSHINE S. SYKES
United States District Judge